.IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MONICA H.,**[1] <br><br>          Plaintiff, <br><br>     v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** <br><br>          Defendant. | **Civ. No. 6:20-cv-01774-MC** <br><br> **OPINION AND ORDER** |

**MCSHANE, Judge**:

Plaintiff Monica H. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The only issue before the Court is whether the Commissioner improperly relied on the vocational expert's ("VE") job numbers in finding that Plaintiff could perform work that exists in significant numbers in the national economy. Pl.'s Br. 3–6, ECF No. 7. Because there is an unaddressed direct and significant conflict in the evidence, the Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings.

//

//

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on January 25, 2018, alleging disability since September 10, 2017. Tr. 168. Her claim was denied initially and upon reconsideration. Tr. 73, 88. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared before the Honorable B. Hobbs on October 15, 2019. Tr. 37–59. ALJ Hobbs denied Plaintiff's claim on December 3, 2019. Tr. 22–33. Plaintiff sought review from the Appeals Council and was denied on August 10, 2020. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). The Commissioner may satisfy this burden by referring to the Medical-Vocational Guidelines ("Grids") or by obtaining testimony from a VE. *Tackett*, 180 F.3d at 1100–01. If the Commissioner fails to meet its burden, then the claimant is considered disabled. *Id.*

The only issue Plaintiff raises is whether the step five findings were supported by substantial evidence. Pl.'s Br. 3. Plaintiff argues that the Appeals Council failed to consider evidence submitted by Plaintiff that directly contradicts the VE's testimony. *Id.* at 5–6.

At the administrative hearing, the VE testified that someone with Plaintiff's characteristics and limitations could perform three jobs that existed in the national economy: stuffer, eyeglass frame polisher, and film touchup inspector. Tr. 56–57. The VE claimed that there were 20,000 stuffer jobs nationally, 15,000 eyeglass frame polisher jobs nationally, and 40,000 film touchup inspector jobs nationally. Tr. 57. Upon questioning by Plaintiff's attorney, the VE testified that he obtained these numbers from Job Browser Pro. Tr. 58. Relying on the VE's testimony and these job numbers, the ALJ found Plaintiff not disabled. Tr. 33.

After the ALJ issued this decision, Plaintiff requested review from the Appeals Council.

Tr. 143–45. Plaintiff's brief argued that the ALJ improperly found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 245. Plaintiff pointed out that the numbers the VE allegedly found in Job Browser Pro were directly contradicted by Plaintiff's own search of the same database. Tr. 246. In support, Plaintiff submitted printouts showing 1,820 eyeglass frame polisher jobs nationally, 4,198 stuffer jobs nationally, and 1,383 film touchup inspector jobs nationally. Tr. 13–18. The Appeals Council exhibited Plaintiff's brief but found the additional "evidence does not show a reasonable probability that it would change the outcome of the decision" and did not exhibit the printouts. Tr. 2.

"[A]n ALJ may rely on a vocational expert's testimony concerning the number of relevant jobs in the national economy, and need not inquire *sua sponte* into the foundation for the expert's opinion." *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017); *see also Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) ("[I]n the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability."). However, when there is evidence of conflicting job numbers at step five, the Commissioner's decision may be reversed and remanded if it fails to address that discrepancy. *See Buck*, 869 F.3d. at 1047, 1052.

A claimant who takes issue with the VE's job numbers must raise the issue "in a general sense" during the hearing before the ALJ. *Shaibi*, 883 F.3d at 1110. "A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers. . . ." *Id*. Then the claimant may submit supplemental briefing to the ALJ regarding job numbers or "raise new evidence casting doubt on a VE's job estimates before the Appeals Council, provided that evidence is both relevant and 'relates to the period on or before the ALJ's decision.'" *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017) (quoting *Brewes v. Comm'r Soc. Sec. Admin*, 682 F.3d 1157, 1162

4 – OPINION AND ORDER

(9th Cir. 2012). Plaintiff did exactly this, by asking the VE where the job numbers came from at the hearing and by submitting directly conflicting numbers from the same source to the Appeals Council.

Defendant argues that Plaintiff's new evidence to the Appeals Council was insufficient because it was not accompanied by expert analysis or declaration. Def.'s Br. 4, ECF No. 8. Defendant relies on the unpublished Ninth Circuit decision in *Kremlingson v. Saul*, 800 F. App'x 531. However, the Ninth Circuit distinguished *Kremlingson* from *Buck v. Berryhill*, which requires remand "where there [is] a 'vast discrepancy' between competing job numbers drawn 'presumably from the same source' and 'allegedly using the same software program.'" Kremlingson, 800 F. App'x at 533 (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1047, 1052 (9th Cir. 2017)). Here, Plaintiff's contradictory job numbers are from Job Browser Pro, the same source that the VE testified to using. Tr. 246.

The Court finds that "the vast discrepancy between the VE's job numbers and those tendered by [Plaintiff], presumably from the same source, is simply too striking to be ignored." *Buck*, 869 F.3d at 1052. Because of this direct conflict, the Commissioner's step five finding is not supported by substantial evidence.[2] On remand, the ALJ must address this conflict in the evidence.

//

//

//

---

[2] While there is no bright line rule as to how many jobs nationally are "significant," the Ninth Circuit has found 25,000 jobs nationally "a close call." *Gutierrez v. Commis. Soc. Sec.*, 740 F.3d 519 at 529 (9th Cir. 2014). The job numbers cited by Plaintiff total 7,411, likely not enough to be "significant." *Cf. Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012) (finding 1,680 jobs nationally to be insignificant).

5 – OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

DATED this 25th day of March, 2022.

                                               **s/Michael J. McShane**
                                               Michael J. McShane
                                               United States District Judge